I concur with the majority, but I write separately to express my concerns over statements made during sentencing that do not have separate factual support in the record before us.
In sentencing Kimmie to the longest prison term authorized for burglary under R.C. 2929.14 (A) (2), the trial court found under R.C. 2929.14 (C) that Kimmie committed the worst form of the offense. Among other things, the trial court said:
 The Defendant's purpose in burglarizing the victim's residence was to terrorize her, and to commit the offense of rape. Indeed, the Defendant, who had been under indictment for a separate rape case, at the time this case was tried, was subsequently convicted of the offense of rape.
(Tr. 6.)
Kimmie insists that there was no evidence to suggest that his purpose was to rape or terrorize the victim or that his victim was traumatized as a result. I must say that I am troubled by the trial court's statement that divined Kimmie's purpose by relation to a separate rape indictment and conviction. The court provided no other information in this record to show that those statements had a basis in fact. At the re-sentencing, however, Kimmie did not dispute the accuracy of the trial court's statement. Nor did he provide us with other pertinent transcripts to prove that the trial court's statement lacked any basis in fact. Kimmie furnished us only with the transcript of the re-sentencing hearing. Kimmie therefore has not demonstrated that the findings made by the trial court lack any basis in fact.
I am moreover satisfied that the circumstances of this offense could support the finding that Kimmie committed the worst form of burglary, even without the trial court's other statements. The facts of this crime, as summarized in State v. Kimmie (July 2, 1998), Cuyahoga App. No. 72904, unreported, show that this was not your garden variety burglary. Kimmie targeted this victim, who had been Kimmie's supervisor at work and who had recently refused Kimmie's request to borrow money. Kimmie's openly aggressive behavior at the time of the crime would intimidate any victim and it did, in fact, alarm the victim's neighbors. Finally, that Kimmie urinated on the victim's door is convincing evidence that this offense was committed with particular malice.
Had the circumstances of this offense been less egregious, it might not have been possible to overlook the trial court's other seemingly unsubstantiated observations. Nor would the trial court's mere incantation of the "magic words" referred to by the majority have insulated the sentence from review to insure that it complied with Ohio's sentencing statutes. But because the facts of this offense were sufficiently egregious in and of themselves to support the conclusion that Kimmie committed the worst form of the offense, I agree that they justify the longest sentence authorized for this offense.